RAY BEARL v. EDISON FINANCE CORPORATION.[1]

December 15, 1939.

No. 32,205.

[1]Reported in 288 N. W. 844.

*Samuel Saliterman* and *Max Rotenberg,* for appellant.
*Jacob Garon,* for respondent.

HOLT, JUSTICE.

On December 20, 1938, plaintiff applied to defendant for a loan of $200. As security he offered to give a chattel mortgage upon his motor truck. Defendant caused the truck to be inspected and agreed to make the loan upon plaintiff's promise to repay it by 12 monthly payments of $21.10 on the 20th of each calendar month. Plaintiff signed a promissory note in blank, and a chattel mortgage, also in blank. He received the $200, but paid only the first installment of $21.10, then brought this action to cancel the note and mortgage for usury. Defendant denied the usury and counterclaimed to foreclose the mortgage. The trial was to the court without a jury. Findings of fact and conclusions of law were made in favor of plaintiff. Defendant appeals from the order denying its motion for amended findings or a new trial.

The assignments of error challenge each finding of fact. If each material finding is sustained by sufficient evidence the decision must stand. Plaintiff testified positively that he agreed with defendant to repay the $200 borrowed in 12 monthly payments of $21.10 each. Defendant did not see fit to call Mr. Soar, its official who negotiated the loan and security, to give his version of the transaction. That being the record, it is futile to challenge the finding of usury.

The main burden of defendant's argument is that oral testimony was received to vary or contradict the written instruments evidencing the transaction. That rule is inapplicable here where there was evidence introduced that the note and chattel mortgage were signed in blank by plaintiff and that afterward the blanks were filled in by defendant in terms and figures differing from those agreed upon. The court found this as a fact. The finding is amply supported not only by plaintiff's testimony, but by written evidence coming from defendant. It caused to be mailed to

plaintiff exhibit B, dated October 20, 1938, same date as the note and mortgage, stating that the first payment of $21.10 came due November 20, 1938, and $21.10 on the 20th day of each and every succeeding month, ending with October 20, 1939. Not only that, but plaintiff's exhibit D is a copy of insurance policy taken out by defendant, dated October 20, 1938, insuring defendant against loss on plaintiff's loan, wherein it is stated that the "unpaid balance of $200 plus int. is represented by 12 monthly payments of $21.10 each." The promissory note and chattel mortgage, on the other hand, were for nine payments of $21.10 each and one for $10.10, together with interest at eight per cent per annum. In this situation of the evidence the court had full support for the finding: "That as a part of a scheme, plan, device, and artifice in order to evade the usury laws of the state of Minnesota the defendant then and there prepared and caused plaintiff to execute, and plaintiff did execute and sign in blank a certain promissory note known as defendant's exhibit 2 and a chattel mortgage covering said motor truck known as plaintiff's exhibit E."

The above findings of fact destroy the contention of defendant that there was a violation of the rule forbidding oral testimony to vary the terms of a written contract. The scheme or plan employed does not bring this case within that of Blindman v. Industrial L. & T. Corp. 197 Minn. 93, 266 N. W. 455, 267 N. W. 143, 104 A. L. R. 1253. There the claimed usurious agreement was made prior to the execution of the note, and the note when signed did not embody that agreement but was legal on its face. In the case at bar, the instrument being signed in blank, the holder had no authority to insert any other terms than those orally agreed upon.

There is no error of law in the record which would authorize a reversal.

Order affirmed.